

**U.S. Department of Justice**

*United States Attorney*
*Western District of Texas*

*Mara Asya Blatt*     *700 E. San Antonio, Ste. 200*     *Phone: (915) 534-6884*
*Assistant United States Attorney, Appellate Section*     *El Paso, Texas 79901*     *FAX: (915) 534-3461*

October 25, 2023

Hon. Lyle Cayce, Clerk
U.S. Court of Appeals for the Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130

       RE:    *United States v. Naranjo*, Case No. 22-50938
               Government's Supplemental Letter Brief

Dear Mr. Cayce:

     On October 18, 2023, the Court asked the parties to file supplemental letter briefs addressing first, whether § 404(c) of the First Step Act creates a jurisdictional bar to considering a motion under the Act when a previous motion "was, after the date of enactment, denied after a complete review on the merits," and second, whether the answer to that question affects the resolution of this appeal.

     In short answer to the first question, the government maintains that § 404(c)'s restriction is not jurisdictional but is instead a mandatory claim-processing rule that must be enforced when invoked by the government. This position is confirmed by recent Supreme Court precedent and the decisions of those circuits that have considered the issue. *See Fort Bend County, Texas v. Davis*, 139 S. Ct. 1843, 1848 (2019) (jurisdictional statutes generally relate to classes of cases relating to subject-matter and personal jurisdiction); *Sebelius v. Auburn Regional Medical Center*, 568 U.S. 145, 154 (2013) (statutory provisions setting forth "filing deadlines" are "quintessential claim-processing rules"); *United States v. Hart*, 983 F.3d 638, 641 (3d Cir. 2020) (concluding § 404(c) is a mandatory claim-processing rule); *United States v. Deruise*, No. 22-12983, 2023 WL 3668929, at *1 (11th Cir. May 26, 2023) (same); *see also United States v. Franco*, 973 F.3d 465, 467 (5th Cir.2020) (interpreting the exhaustion requirement of 18 U.S.C. § 3582(c)(1) as a mandatory claim-processing rule).

     As to the second question, the government explicitly invoked § 404(c) before the district court, which denied Naranjo's third § 404(b) motion by enforcing § 404(c)'s prohibition on successive § 404(b) motions. ROA.1491-1493, 1504-1505. The government continues to rely upon § 404(c) before this Court, in addition to its other substantive arguments. *See Appellee's Brief* at 12-14, 17-19. Given the government's invocation of § 404(c), this Court should affirm the district court's order. None of the arguments made in Naranjo's briefing contradict this outcome.

1. **Section § 404(c) of the First Step Act is a mandatory claim-processing rule that promotes the orderly litigation of § 404 motions.**

The Supreme Court draws a distinction "between jurisdictional prescriptions and nonjurisdictional claim-processing rules." *Fort Bend Cnty. v. Davis*, 139 S. Ct. 1843, 1849 (2019). Jurisdictional provisions limit the circumstances under which Article III courts may exercise judicial power; by contrast, claim-processing rules "seek to promote the orderly progress of litigation by requiring that the parties take certain procedural steps at certain specified times." *Henderson v. Shinseki*, 562 U.S. 428, 435 (2011). Unlike jurisdictional statutes, claim-processing rules "may be 'mandatory' in the sense that a court must enforce the rule if a party properly raises it," but a litigant can forfeit reliance on the rule by not timely raising it, or by waiving it. *Fort Bend Cnty.*, 139 S. Ct. at 1849 (internal quotation marks and brackets omitted). To enforce this distinction, the Supreme Court construes a statutory provision as jurisdictional only when "the Legislature clearly states that [the] prescription counts as jurisdictional." *Fort Bend Cnty.*, 139 S. Ct. at 1850; *see Franco*, 973 F.3d at 467 (applying analysis to § 3582(c)'s exhaustion requirement).

Bedrock finality doctrine, codified in 18 U.S.C. § 3582(c), generally precludes a sentencing court from modifying a preexisting term of imprisonment. Section § 3582(c)(1)(B) creates a limited exception to that principle for modifications expressly authorized by statute.[1] The modification authorized by § 404 of the First Step Act fits within that exception and allows the district court the discretion to formulate a focused sentence reduction for certain crack-cocaine offenders. Section 404 "was enacted to remedy a gap left open by the Fair Sentencing Act of 2010 and various amendments to the United States Sentencing Guidelines relative to sentences imposed for certain crack offenses." *United States v. Ramirez*, 834 F. App'x 904, 905 (5th Cir. 2020). Section 404(c), however, expressly limits the circumstances under which a § 404 motion may be considered:

> No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits.

---

[1] The statutory provision states: "(c) The court may not modify a term of imprisonment once it has been imposed except that—(1)(B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. § 3582(c)(1)(B).

First Step Act of 2018, Pub. L. No. 115-391, §404(c), 132 Stat. 5194 (2018). On its face, the limitations in subsection (c) are claim-processing rules, not jurisdictional requirements, which only restrict the filing of a § 404(b) motion under certain circumstances, *not* the class of cases a court may entertain (subject-matter jurisdiction) or the persons whose interests the court may adjudicate (personal jurisdiction). *See Fort Bend Cnty.*, 139 S. Ct. at 1848 (jurisdictional statutes generally relate to classes of cases relating to subject-matter or personal jurisdiction). Subsection (c) thus simply seeks "to promote the orderly progress of litigation by requiring that the parties take certain procedural steps at certain specified times." *Henderson*, 562 U.S. at 435.

For confirmation, this Court need look no further than its recent analysis in *Franco*, in which the Court determined that the exhaustion requirement in § 3582(c)(1)(A) was a mandatory claim-processing rule. *See* 973 F.3d at 467-68. Like § 3582(c)(1)(A), § 404(c) begins with "mandatory" precatory language. In the case of § 3582(c)(1)(A): "Congress has commanded that a 'court *may not* modify a term of imprisonment once it has been imposed.'" *Franco*, 973 F.3d at 468 (emphasis in original) ("The statute's language is mandatory."). In § 404(c), Congress described the circumstances in which "[n]o court shall entertain a motion" to define § 3582(c)(1)(B)'s exception to finality—that is, first, when defendant has not previously received a Fair Sentencing Act sentence reduction (because, for example, defendant was sentenced in accordance with the Fair Sentencing Act after its enactment), and second when defendant has never had a previously-filed § 404(b) motion adjudicated on the merits. § 404(c), 132 Stat. 5194. The Third and Eleventh Circuits agree with this analysis and therefore hold that § 404(c) is a mandatory claim-processing rule. *See Hart*, 983 F.3d at 641-642; *see also Deruise*, 2023 WL 3668929, at *4. As the *Hart* court noted: "The [§ 404(c)] bar's function strongly signals that it is not jurisdictional. It cuts off only one remedy, a second resentencing under § 404(b) 'to modify a defendant's existing sentence,'" but it "does not destroy the court's power to hear a case." *Id.*[2] In declining to construe § 404(c) as jurisdictional, the *Deruise* court further observed:

> Importantly, even when § 404(c)'s bar applies, the criminal case does not end; a district court may hear other motions in the case and grant other types of relief to a defendant. For example, the defendant may seek and the court may order that the defendant's sentence be reduced based on compassionate release or that his term of supervised release end early. *See* 18 U.S.C. §§ 3582(c); 3583(e).

---

[2]   Whether the Eleventh Circuit will designate *Deruise* as a published decision is still an open question, but, because it is currently only available with a Westlaw citation, counsel assumes it is unpublished.

*Deruise*, 2023 WL 3668929, at *4. Finally, characterizing § 404(c) as a mandatory claim-processing rule also leaves open the possibility that the government can, in an appropriate case, waive the bar in the interest of justice. *See, e.g.*, *Hart*, 983 F.3d at 641.

In sum, § 404(c) encapsulates the Supreme Court's definition of a mandatory claim-processing rule because it does not explicitly purport to limit any court's jurisdiction but instead only proscribes the circumstances under which a defendant can file a § 404(b) motion.

2. **This appeal can easily be resolved because government has not waived § 404(c)'s mandatory claim-processing bar; the district court's order enforcing that bar and dismissing Naranjo's third § 404(b) motion should be affirmed.**

Mere eligibility for § 404(b) relief under the First Step Act does not entitle a defendant to a sentence reduction. *United States v. Jackson*, 945 F.3d 315, 321 (5th Cir. 2019). In a recently unpublished decision, a panel of this Court observed that eligibility is cabined by:

> The Act's express terms [which] decide this case: a § 404 motion cannot be entertained "if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits." First Step Act, Pub. L. No. 115-391, § 404(c), 132 Stat. 5194, 5222 (2018).

*United States v. Self*, No. 23-50046, 2023 WL 6311575, at *1 (5th Cir. Sept. 28, 2023) (Willett, Duncan, Wilson, J.). Having enforced § 404(c)'s bar on successive motions, the *Self* panel went on to find that the district court's adjudication of defendants' second § 404(b) motion included a complete review on the merits. *See Self*, 2023 WL 6311575, at *1.

The same analysis holds here because the district court gave Naranjo's second motion a complete review. ROA.1500-1506. In *Concepcion*, the Supreme Court reaffirmed that a sentencing court has "wide-sentencing discretion" to "consider all relevant information" at a sentencing hearing, including a "later proceeding that may modify an original sentence." *Concepcion v. United States*, 142 S. Ct. 2389, 2398 (2022). When adjudicating a § 404(b) motion, a district court therefore may consider, "when raised by the parties," "other intervening changes of law (such as changes to the Sentencing Guidelines) or changes of fact (such as behavior in prison)." *Id.* at 2396; *see id.* at 2404. The district court must "demonstrate that [it] considered" the "parties' nonfrivolous arguments," but "may, in its discretion, dismiss arguments [] it does not find compelling without a detailed explanation." *Id.* at 2404. It is not, however, "required to articulate anything more than a brief statement of reasons" for its determination. *Id.* This "broad discretion that the First Step Act affords to district court also

counsels in favor of deferential appellate review," which generally "should not be overly searching." *Id.*

Here the district court issued a 5-page opinion which correctly stated the law in effect when Naranjo's second § 404(b) motion (and subsequent "amendment") came before it, addressed the merits of his claims, conducted a § 3553(a) analysis, and explained the court's ultimate decision to decline the exercise its discretion to grant relief. ROA.1278-1282; *see Pepper v. United States*, 562 U.S. 476, 492 (2011) (sentencing court must consider defendant on the day he appears for sentencing, not on the date of his offense or the date of his conviction.). The First Step Act does not "require a district court to make a point-by-point rebuttal of the parties' arguments. All that is required is for a district court to demonstrate that it has considered the arguments before it." *Concepcion,* 142 S. Ct. at 2405. The district court demonstrated it had fully considered Naranjo's arguments in resolving his second motion. ROA.1500-1506. Moreover, this Court affirmed that decision, stating that Naranjo "has not shown the court failed to conduct a complete substantive review or otherwise abused its discretion." *United States v. Naranjo*, 858 F. App'x 763, 764 (5th Cir. 2021).

Naranjo nevertheless contends that his second motion "could not have received a complete review," because, he alleges, under this Court's then-applicable *Hegwood* decision the district court was prevented from considering "changes in the law that have nothing to do with the" the Fair Sentencing Act. *Appellant's Reply Brief* at 2-3; *see United States v. Hegwood*, 934 F.3d 414 (5th Cir. 2019), *abrogated by*, *Concepcion*, 142 S. Ct. at 2297-2398. But this Court previously found the district court conducted "a complete substantive review" of the second motion. *Naranjo*, 858 F. App'x at 764. And, as the district court stated, the established avenue for Naranjo to contest this Court's conclusion would have been "to file a petition for writ of certiorari with the Supreme Court, not file a second motion under Section 404 of the First Step Act." ROA.1504. In any event, the district court resolved any doubt that Naranjo's second motion received a complete review on the merits by explaining in the third order that "even if it could consider Naranjo's subsequent motion under Section 404 of the First Step [sic], the Court would deny relief."[3] ROA.1504,1505-1506. Because the district court afforded a "complete review" of Naranjo's second § 404(b) motion on the merits, § 404(c) bars consideration of Naranjo's third motion and the government's invocation of that bar is appropriate. *See* §404(c), 132 Stat. 5194.

---

[3]     In support of the alternative holding on the third motion, the district court recalculated Naranjo's guideline range without career offender, leadership role, or obstruction enhancements but denied a sentence reduction because Naranjo's original sentence still fell "squarely" within the recalculated range. ROA.1504-1505. That analysis comports with its order on the second motion in which it declined "to exercise its discretion to reduce Naranjo's sentence because his statutory penalties for his powder cocaine offenses did not change and his guideline range did not change." ROA.1281. In both orders, the district court also "specifically considered the § 3553(a) factors." ROA.1282-1282; 1504-1505.

The government respectfully maintains this case is easily resolved by finding that § 404(c) is a mandatory claim-processing rule.[4] It therefore requests this Court judgment so holding and affirming the district court's order denying Naranjo's third § 404(b) motion.

        Respectfully submitted,

        JAIME ESPARZA
        UNITED STATES ATTORNEY

By:    */s/ Mara Asya Blatt*
       Mara Asya Blatt
       Assistant United States Attorney

---

[4] The district court purported to "dismiss[] without prejudice" Naranjo's third motion for "want of jurisdiction" after invoking § 404(c). ROA.1506, 1500. That inapt description of the effect of applying subsection (c)'s limitation on successive motions, however, does not undermine the district court's accurate conclusion that Naranjo's motion must be denied. *Cf. Eberhart v. United States*, 546 U.S. 12, 16 (2005) (per curiam) (recognizing that the Supreme Court itself has been "less than meticulous" in how it has used the term "jurisdiction").